MARC S. CWIK
Nevada Bar No. 006946
  E-Mail: Marc.Cwik@lewisbrisbois.com
ADAM J. PERNSTEINER
Nevada Bar No. 7862
  E-Mail: Adam.Pernsteiner@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789

*Attorneys for Defendant Mitchell Reed Sussman*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| SOLEIL MANAGEMENT, LLC; CLUB DE SOLEIL VACATION CLUB; TAHITI VILLAGE VACATION CLUB; and TAHITI VACATION CLUB,<br><br>         Plaintiffs,<br><br>    vs.<br><br>MITCHELL REED SUSSMAN, an individual; STEVE PEYTON, an individual; TERRY LEE DURST, an individual; TOM STANFORD, an individual; JOSE ALEX GOMEZ, an individual; and JEFFREY CORCORAN, an individual.,<br><br>         Defendants. | CASE NO.:<br><br>**PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** |

Pursuant to 28 U.S.C. §1441(b), Defendant MITCHELL REED SUSSMAN (hereinafter "Sussman"), by and through his attorneys of record, Marc S. Cwik, Esq. and Adam J. Pernsteiner, Esq. of the law firm LEWIS BRISBOIS BISGAARD & SMITH, LLP, files this Petition for Removal of Clark County District Court Case No.: A-19-806212-C styled *Soleil Management, LLC; Club De Soleil Vacation Club; Tahiti Village Vacation Club; and Tahiti Vacation Club v.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-8284-0243.2

1

PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

*Mitchell Reed Sussman; Steve Peyton; Terry Lee Durst; Tom Stanford; Jose Alex Gomez; and Jeffrey Corcoran* and states as follows:

1.     On December 2, 2019, Plaintiffs Soleil Management, LLC, Club De Soleil Vacation Club, Tahiti Village Vacation Club, and Tahiti Vacation Club (hereinafter "Plaintiffs") commenced an action in the Eighth Judicial District Court, Clark County, State of Nevada, entitled *Soleil Management, LLC; Club De Soleil Vacation Club; Tahiti Village Vacation Club; and Tahiti Vacation Club v. Mitchell Reed Sussman; Steve Peyton; Terry Lee Durst; Tom Stanford; Jose Alex Gomez; and Jeffrey Corcoran* (collectively "Defendants"), Case No.: A-19-806212-C ("State Court Action").  A true and correct copy of the Complaint (the "Complaint") and Summons are attached and marked respectively as **Exhibits 1** and **2**, constituting all of the papers and pleadings served on Sussman.

2.     The Summons and Complaint were served upon Sussman on January 23, 2020.  *See* Affidavit of Service attached as **Exhibit 3**.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which Defendants may remove to this Court pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

4.     Venue is appropriate in the United States District of Nevada pursuant to 28 U.S.C. §§1391(b)(2) and (c), and § 1441(a).

5.     Sussman is informed and believes that Plaintiffs were, at the time of filing of the State Court Action, and still are entities in the State of Nevada.  The Defendants, including Sussman, are all residents of California.  Accordingly, there is now and always has been complete diversity between Plaintiffs and Defendants.

6.     Sussman is informed and believes that Defendant Tom Stanford is deceased.  *See* California Death Certificate for Tom Stanford attached as **Exhibit 4**.  With the exception of Tom Standford, who is deceased, all of the Defendants have expressly consented in writing to the removal of this lawsuit, as indicated in their attached written consents.  *See* E-mails Indicating

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-8284-0243.2                    2
PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

Consent to Removal from Steve Peyton, Terry Lee Durst, and Jose Alex Gomez, and Jeffrey Corcoran attached as **Exhibit 5**.

7.    The State Court Action was not commenced more than one year before the date of removal.

8.    While Sussman denies any and all liability to Plaintiffs, Sussman has a good faith belief that the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.    The Complaint in this action contains allegations that Plaintiffs have been deprived of ongoing streams of maintenance fees which have not been paid by the owners of at least 87 different timeshare properties due to the alleged actions of Defendants.  *See* **Exhibit 1** at ¶¶ 52, 59, 66, 73, 82 (allegations in Complaint describing 87 total alleged property transfers and associated lost maintenance fees).    In particular, Plaintiffs allege that Defendants wrongfully transferred at least 87 different timeshare properties previously belonging to legal clients of Sussman, who is a licensed California attorney, resulting in Sussman's clients no longer paying the streams of ongoing maintenance fees to Plaintiffs.  *See id.*  According to the Complaint, the alleged transfers span over a period of over five years, beginning as early as February 2013 and extending to June 2018.  *See* **Exhibit 1** at ¶ 66(a).  The alleged harm in lost maintenance fees is alleged to be ongoing and, accordingly, the Complaint also seeks injunctive relief.  *See* **Exhibit 1** at ¶¶ 149-155.

The Complaint references a prior cease-and-desist letter dated May 22, 2018 (the "Cease-and-Desist Letter") that was sent by Plaintiffs to Defendants.  *See* **Exhibit 1** at ¶ 86.  The prior Cease-and-Desist Letter, which at that time only identified "at least 55 timeshare properties" that had been transferred, already sought $49,814.84 in alleged lost maintenance fees, exclusive of interest and costs.  *See* Plaintiff's Cease-and-Desist Letter Dated May 22, 2018 attached as **Exhibit 6** pp. 1-2.  Since the Cease-and-Desist Letter, however, another 20 months of additional alleged lost maintenance fees have accrued and Plaintiffs have now identified in their claims at least 32 additional timeshare property transfers on top of the 55 transfers previously identified. Accordingly, given the large (58%) increase in the number of transactions being challenged by Plaintiffs, the ongoing nature of the alleged harm, and the large time period at issue, Sussman has

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-8284-0243.2                                      3

PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

a good faith belief that the amount in controversy easily exceeds $75,000.00, exclusive of interest and costs.

9. Sussman and the Plaintiffs are currently parties in another pending case before the District of Nevada, entitled *Sussman v. Soleil Management, LLC et. al.*, Case No. 2:18-cv-02218-JAD-BNW, which was initiated in May 2018 and which concerns the same underlying facts and dispute between the parties.

10. A defendant's duty is not to prove by a preponderance of the evidence that the plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.,* 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdiction limit. *Id*. The pertinent question the Court is to ask is whether or not a plaintiff could theoretically recover an amount above $75,000.00. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether a defendant has presented adequate evidence to establish the amount in controversy is not the probable amount that a plaintiff will recover, but rather the total potential value of a plaintiff's claims considering all of the allegations and all the asserted damages. If a defendant can show by a preponderance of evidence that (1) plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award plaintiff's full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

11. Based on the foregoing, Defendant Mitchell Reed Sussman respectfully submits that (a) there is diversity of citizenship between Plaintiffs and Defendants and (b) the amount in controversy exceeds $75,000.00. This action is, therefore properly removed to the United States District Court for the District of Nevada.

12. A true and correct copy of this Petition for Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-8284-0243.2

4

PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

13.    Based on the foregoing, Defendant Mitchell Reed Sussman removes this action, which is currently pending in the District Court in and for Clark County, Nevada, as Case No.: A-19-806212-C.

DATED this 13th day of February, 2020.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By        */s/ Marc S. Cwik*
MARC S. CWIK
Nevada Bar No. 006946
ADAM J. PERNSTEINER
Nevada Bar No. 7862
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383

*Attorneys for Defendant Mitchell Reed Sussman*

4810-8284-0243.2                5
PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 13th day of February, 2020, I did cause a true and correct copy of **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** to be served via the Court's electronic filing and service system to all parties on the current service list.

Jeffrey R. Hall
Joshua O. Igeleke, Jr.
HUTCHISON & STEFFEN, PLLC
Pecole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
*Attorneys for Plaintiffs*

By  /s/ *Michelle Krestyn*
    An Employee of
    LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-8284-0243.2                              6
PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)

| TABLE OF EXHIBITS | |
|---|---|
| **TITLE** | **NO.** |
| Complaint (*Soleil Management, LLC et al v. Mitchell Reed Sussman et al*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-19-806212-C, Dept. 24) | 1 |
| Summons | 2 |
| Affidavit of Service | 3 |
| California Death Certificate for Tom Stanford | 4 |
| E-mails Indicating Consent to Removal from Steve Peyton, Terry Lee Durst, and Jose Alex Gomez, and Jeffrey Corcoran | 5 |
| Plaintiff's Cease-and-Desist Letter Dated May 22, 2018 | 6 |

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4810-8284-0243.2

7

PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)