# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Soleil Management, LLC, et al., | Case No.: 2:20-cv-00312-JAD-EJY |
| Plaintiffs | |
| v. | **Order Granting Plaintiffs' Motion for Reconsideration and Setting Briefing Schedule** |
| Mitchell Reed Sussman, et al., | |
| Defendants | [ECF No. 12] |

In March 2020, I granted defendant Mitchell Reed Sussman's unopposed motion to dismiss Soleil Management, LLC; Club de Soleil Vacation Club; Tahiti Village Vacation Club; and Tahiti Vacation Club's (the Timeshare Clubs) complaint.[1] Apologizing for their failure to timely oppose Sussman's dismissal motion, the Timeshare Clubs ask me to reconsider my order, noting that their counsel's inadvertent calendaring mistake should not result in dismissal of their claims.[2] Sussman opposes their request, arguing that my order was correctly decided.[3] Because the Timeshare Clubs' failure to file a response was the product of excusable neglect, I grant their motion for reconsideration and vacate the portion of my order dismissing their complaint.

**Discussion**

Under Federal Rule of Civil Procedure 60, a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[4] A motion for reconsideration is generally appropriate when the district court is presented with newly discovered evidence, has committed clear error, there is an intervening change in controlling law, or the order is the result

---

[1] ECF No. 10 (order).
[2] ECF No. 12.
[3] ECF No. 14.
[4] Fed. R. Civ. P. 60(b).

of "mistake, inadvertence, surprise, or excusable neglect."[5]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments;"[6] instead, a party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[7]  The Timeshare Clubs argue that their one-week delay in filing an opposition to Sussman's Rule 12(b)(6) motion was the product of excusable neglect and that I should vacate my order dismissing their claims.  Sussman sidesteps the issue of excusable neglect and, instead, largely argues that I should deny the motion for reconsideration because the Timeshare Clubs' claims cannot survive as a matter of law.

I find that reconsideration is warranted, and I vacate my order dismissing the Timeshare Clubs' complaint.  It is axiomatic that, "[w]henever it is reasonably possible, cases should be decided upon their merits."[8]  Courts consider four factors in evaluating excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[9]  In *Ahanchian v. Xenon Pictures, Inc.*, the Ninth Circuit overturned a district court's denial of a Rule 60(b) reconsideration motion, reasoning that a "week's delay in the filing of [an] opposition" because of "a calendaring mistake caused by the failure to apply a clear local

---

[5] *See id.*; *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010).

[6] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[7] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[8] *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

[9] *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the *Pioneer* Court's test for consideration of Rule 60(b) motions for reconsideration, alteration, or amendment)).

rule" was the product of excusable neglect.[10]  Like the *Ahanchian* plaintiff, the Timeshare Clubs misread Local Rule 7-2 and inadvertently calendared their opposition deadline a week late. While this is a "weak justification for an attorney's delay," there is no indication that the plaintiffs' "reliance on the calendaring mistake" was "a bad-faith, post-hoc rationalization concocted to secure additional time."[11]  Sussman also fails to show that he was or will be prejudiced by the Timeshare Clubs' delay.  So I grant the motion for reconsideration and advise the plaintiffs to keep better track of deadlines.

## Conclusion

IT IS THEREFORE ORDERED that the plaintiffs' motion for reconsideration **[ECF No. 12] is GRANTED.  The portion of my March 5, 2020, order dismissing plaintiffs' complaint [ECF No. 10] is VACATED.**

IT IS FURTHER ORDERED that the defendants must file their anticipated reply to the plaintiffs' response [ECF No. 11] no later than April 2, 2021.

_____
U.S. District Judge Jennifer A. Dorsey
March 25, 2021

---

[10] *Id.* at 1262.
[11] *Id.*